**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CYWEE GROUP LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 18-571-GMS |
| | ) |
| GOOGLE LLC, | )   JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT GOOGLE LLC'S ANSWER AND COUNTERCLAIMS TO**
**CYWEE GROUP LTD.'S COMPLAINT**

Defendant Google LLC[1] ("Google") hereby answers CyWee's Complaint filed on April 16, 2018 ("Complaint"). Except as otherwise expressly admitted below, Google denies each and every allegation of the Complaint.

1. Paragraph 1 does not contain any allegations and therefore does not require a response, but to the extent a response is required, the allegations are denied.

**THE PARTIES**

2. Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 and on that basis denies them.

3. Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3 and on that basis denies them.

---

[1] Plaintiff CyWee named Google Inc. as the defendant in its Complaint. On May 8, 2018, the Court granted the parties' stipulation to substitute Google LLC as the defendant and to terminate Google Inc. as a defendant. D.I. No. 7. Google LLC denies all allegations in CyWee's Complaint on behalf of Google Inc. Google LLC's responses to the Complaint are set forth in its Answer and Counterclaims.

1

4.      Google admits that it is a wholly-owned subsidiary of Alphabet, Inc.  Google admits that it is a Delaware limited liability company with its principal place of business in California at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  Google admits that its registered agent in Delaware is Corporation Service Company.  Except as expressly admitted, Google denies all remaining allegations in paragraph 4.

## JURISDICTION AND VENUE

5.      Google admits that CyWee's Complaint purports to set forth a patent infringement action arising under the patent laws of the United States.  Google admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States.  Except as expressly admitted, Google denies all remaining allegations in paragraph 5.

6.      Google does not contest personal jurisdiction in this District solely for the purpose of this action.  Google admits that it is incorporated in Delaware and that it is registered to do business in Delaware.  Google admits that it does business in the United States and the State of Delaware.  Google specifically denies that it has committed any acts of infringement, either directly or through inducement, within this District or elsewhere.  Except as expressly admitted, Google denies all remaining allegations in paragraph 6.

7.      Google specifically denies that it has committed any acts of infringement, either directly or through inducement, within this District or elsewhere.  Google denies all remaining allegations in paragraph 7.

8.      Google does not dispute that venue is proper in this District for purposes of this action; however, Google contends, under 28 U.S.C. § 1404(a), that CyWee's choice of venue is not convenient and does not serve the interests of justice.  Google specifically denies that any

RLF1 19491804v.1

acts of infringement, either directly or through inducement, have occurred in this District or elsewhere.  Except as expressly admitted, Google denies all remaining allegations in paragraph 8.

## BACKGROUND

### Patentee And The Asserted Patents.

9.      Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies them.

10.     Google admits that what appears to be a copy of United States Patent No. 8,441,438 (the "'438 Patent") is attached as Exhibit A and what appears to be a copy of U.S. Patent No. 8,552,978 (the "'978 Patent") is attached as Exhibit B.  Google is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and on that basis denies them.

11.     Google admits that U.S. Provisional Application Serial No. 61/292,558 ("Provisional Application"), on its face, states that it was filed January 6, 2010.  Google denies that claims of the '438 Patent and '978 Patent (together, the "Patents-in-Suit") are entitled to a priority date of at least January 6, 2010.  Google is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 and on that basis denies them.

12.     Google denies that CyWee is entitled to a priority date of at least July 29, 2009 for any claims of the '438 Patent.  Google is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 and on that basis denies them.

13.     Google denies that CyWee is entitled to a priority date of at least September 25, 2009 for any claims of the Patents-in-Suit.  Google is without information or knowledge

sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 and on that basis denies them.

**Background Of The Technology.**

14.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies them.

15.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies them.

16.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

17.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies them.

18.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18 and on that basis denies them.

19.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies them.

20.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies them.

21.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21 and on that basis denies them.

22.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22 and on that basis denies them.

23.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23 and on that basis denies them.

4

24.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 24 and on that basis denies them.

25.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25 and on that basis denies them.

26.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 26 and on that basis denies them.

27.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies them.

28.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies them.

29.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies them.

**The Prior Art.**

30.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies them.

## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,441,438

31.     Google incorporates by reference each of its responses set forth in paragraphs 1-30 above as if fully set forth herein.

32.     Google admits that the cover page of the '438 Patent states that its title is "3D Pointing Device and Method for Compensating Movement Thereof" and that its issue date is May 14, 2013.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32 and on that basis denies them.

5

33.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies them.

34.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies them.

35.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies them.

36.     Google admits that issued patents are presumed valid under 35 U.S.C. § 282. Google denies all remaining allegations in paragraph 36.

37.     Google denies all allegations in paragraph 37, and Google specifically denies that it infringes the '438 Patent, either directly or indirectly, including through inducement.

38.     Google denies all allegations in paragraph 38, and Google specifically denies that it infringes the '438 Patent, either directly or through inducement.

39.     Google admits to having knowledge of the '438 Patent after filing of this Complaint.  Google admits that https://store.google.com/us/product/pixel_2?utm_source=en-ha-na-sem&utm_med%20\ium=text&utm_term=USsale&ds_kid=43700024791423013&utm_content=bkws&%20utm_campaign=Pixel&gclid=Cj0KCQiAyszSBRDJARIsAHAqQ4ouuVPL5FfpJ6%20LKd-eFT_H963mAond-%206M5FDxrDHnEZrtiKvPQsGFwaAqRGEALw_wcB&gclsrc=aw.ds&dclid=CPCzr%207D8yNgCFYYC0wodJwwB-Q and https://store.google.com/us/product/google_daydream_view  are Google websites.  Google denies all remaining allegations in paragraph 39, and Google specifically denies that it infringes, either directly or indirectly, including through inducement, the '438 Patent.

6

40.     Google admits that the Google Pixel includes an AMOLED FHD 441ppi display. To the extent there are any remaining allegations in paragraph 40, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

41.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

42.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 42, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

43.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

44.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

45.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 45, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

46.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 46, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

47.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 47, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

48.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 48, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

49.     Google admits that the Google Pixel runs an Android operating system, as Google generally understands that phrase.  To the extent there are any additional allegations in paragraph 49, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

50.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 50, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

51.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 51, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

52.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 52, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

53.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 53, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

RLF1 19491804v.1

54.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 54, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

55.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 55, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

56.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 56, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

57.     Google admits that the Google Pixel 2 includes an FHD (1920 x 1080) AMOLED 441ppi display.  To the extent there are additional allegations in paragraph 57, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

58.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 58, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

59.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 59, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

60.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 60, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

9

61.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 61, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

62.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 62, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

63.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 63, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

64.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 64, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

65.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 65, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

66.     Google admits that the Google Pixel 2 runs an Android operating system, as Google generally understands that phrase.  To the extent there are additional allegations in paragraph 66, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

67.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 67, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

10

68.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 68, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

69.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 69, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

70.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 70, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

71.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

72.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 72, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

73.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 73, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

74.     Google admits that the Google Pixel XL includes an AMOLED QHD (2560 x 1440) 534ppi display.  To the extent there are additional allegations in paragraph 74, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

11

75.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 75, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

76.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 76, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

77.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 77, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

78.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 78, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

79.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 79, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

80.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 80, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

81.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 81, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

82.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 82, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

83.     Google admits that the Google Pixel XL runs an Android operating system, as Google generally understands that phrase.  To the extent there are additional allegations in paragraph 83, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

84.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 84, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

85.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

86.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 86, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

87.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 87, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

88.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 88, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

RLF1 19491804v.1

89.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 89, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

90.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 90, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

91.     Google admits that the Google Pixel 2 XL includes a QHD+ (2880 x 1440) pOLED 538ppi display.  To the extent there are additional allegations in paragraph 91, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

92.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 92, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

93.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 93, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

94.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 94, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

95.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 95, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

96.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 96, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

97.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 97, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

98.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 98, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

99.     Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 99, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

100.    Google admits that the Google Pixel 2 XL runs an Android operating system, as Google understands that phrase.  To the extent there are additional allegations in paragraph 100, Google is without information or knowledge sufficient to form a belief as to the truth of those allegations, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

101.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 101, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

102.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 102, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

RLF1 19491804v.1

103.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 103, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

104.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 104, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

105.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 105, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

106.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 106, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

107.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 107, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

108.    Google denies all allegations in paragraph 108, and Google specifically denies that it infringes the '438 Patent, either directly or through inducement.

109.    Google admits that https://support.google.com/pixelphone/answer/7443425?hl=en is a Google website.  Google denies all remaining allegations in paragraph 109, and Google specifically denies that it infringes, either directly or through inducement, the '438 Patent.

110.    Google admits that it offers Google Daydream View for sale.  Google admits that https://store.google.com/product/google_daydream_view and https://store.google.com/product/google_daydream_view_learn are Google websites.  Google

16

denies all remaining allegations in paragraph 110, and Google specifically denies that it has committed any infringing acts, either directly or through inducement.

111.    Google denies all allegations in paragraph 111, and Google specifically denies that it infringes, either directly or through inducement, the '438 Patent.

112.    Google admits that CyWee has attached a chart for claim 14 of the '438 Patent as Exhibit D to the Complaint.  Google denies all remaining allegations in paragraph 112, and Google specifically denies that it infringes the '438 Patent, either directly or through inducement.

113.    Google denies all allegations in paragraph 113, and Google specifically denies that it infringes the '438 Patent, either directly or through inducement.

114.    Google denies all allegations in paragraph 114, and Google specifically denies that it infringes the '438 Patent, either directly or through inducement.

## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,552,978

115.    Google incorporates by reference each of its responses set forth above in paragraphs 1-114 as if fully set forth herein.

116.    Google admits that the cover page of the '978 Patent states that its title is "3D Pointing Device and Method for Compensating Rotations of the 3D Pointing Device Thereof" and that its issue date is October 8, 2013.  Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 116 and on that basis denies them.

117.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 117 and on that basis denies them.

118.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 118 and on that basis denies them.

17

119.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 119 and on that basis denies them.

120.    Google admits that issued patents are presumed valid under 35 U.S.C. § 282. Google denies all remaining allegations in paragraph 120.

121.    Google denies all allegations in paragraph 121, and Google specifically denies that it infringes the '978 Patent, either directly or indirectly, including through inducement.

122.    Google denies all allegations in paragraph 122, and Google specifically denies that it infringes the '978 Patent, either directly or through inducement.

123.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 123 and on that basis denies them.

124.    Google admits that https://store.google.com/us/product/pixel_2?utm_source=en-ha-na-sem&utm_med%20\ium=text&utm_term=USsale&ds_kid=43700024791423013&utm_content=bkws&%20utm_campaign=Pixel&gclid=Cj0KCQiAyszSBRDJARIsAHAqQ4ouuVPL5FfpJ6%20LKd-eFT_H963mAond-%206M5FDxrDHnEZrtiKvPQsGFwaAqRGEALw_wcB&gclsrc=aw.ds&dclid=CPCzr%207D8yNgCFYYC0wodJwwB-Q  and https://store.google.com/us/product/google_daydream_view are Google websites.  Google denies all remaining allegations in paragraph 124, and Google specifically denies that it infringes the '978 Patent, either directly or indirectly, including through inducement.

125.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 125, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

18

126.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 126, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

127.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 127, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

128.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 128, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

129.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 129, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

130.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 130, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

131.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 131, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

132.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 132, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

RLF1 19491804v.1

133.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 133, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

134.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 134, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

135.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 135, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

136.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 136, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

137.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 137, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

138.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 138, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

139.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 139, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

RLF1 19491804v.1

140.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 140, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

141.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 141, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

142.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 142, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

143.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 143, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

144.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 144, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

145.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 145, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

146.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 146, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

RLF1 19491804v.1

147.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 147, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

148.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 148, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

149.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 149, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

150.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 150, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

151.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 151, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

152.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 152, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

153.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 153, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

RLF1 19491804v.1

154.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 154, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

155.    Google is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 155, including Plaintiff's interpretation of the applicable claim terms, and on that basis denies them.

156.    Google denies all allegations in paragraph 156, and Google specifically denies that it infringes the '978 Patent, either directly or through inducement.

157.    Google admits that https://support.google.com/pixelphone/answer/7443425?hl=en is a Google website.  Google denies all remaining allegations in paragraph 157, and Google specifically denies that it has induced infringement of the '978 Patent.

158.    Google admits that it offers the Google Daydream View for sale.  Google admits that https://store.google.com/product/google_daydream_view and https://store.google.com/product/google_daydream_ view_learn are Google websites.  Google denies all remaining allegations in paragraph 158.

159.    Google denies all allegations in paragraph 159, and Google specifically denies that it infringes the '978 Patent, either directly or through inducement.

160.    Google admits that CyWee has attached a chart for claim 10 of the '978 Patent as Exhibit E.  Google denies all remaining allegations in paragraph 160, and Google specifically denies that it infringes the '978 Patent, either directly or through inducement.

161.    Google denies all allegations in paragraph 161, and Google specifically denies that it infringes the '978 Patent, either directly or through inducement.

23

162.    Google denies all allegations in paragraph 162, and Google specifically denies that it infringes the '978 Patent, either directly or through inducement.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, Google denies them.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief contains no allegations and Google therefore is not required to respond.  To the extent that any allegations are included in these portions of CyWee's Complaint, Google denies those allegations and denies that CyWee is entitled to the enumerated relief.

## DEMAND FOR JURY TRIAL

Plaintiff's demand for jury trial contains no allegations and Google therefore is not required to respond.  To the extent that any allegations are included in these portions of CyWee's Complaint, Google denies those allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## First Affirmative Defense

Google has not infringed and does not infringe (directly or indirectly, including by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the Patents-in-Suit.

## Second Affirmative Defense

The claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, and/or 116, as described in part in Google's Rule (12)(b)(6) Motion to Dismiss Under 35 U.S.C. § 101.

## Third Affirmative Defense

CyWee's Complaint fails to state any claim upon which relief may be granted, as described in part in Google's Rule (12)(b)(6) Motion to Dismiss Under 35 U.S.C. § 101.

## Fourth Affirmative Defense

CyWee is barred in whole or in part by the doctrine of prosecution history estoppel, from construing the claims of the Patents-in-Suit in such a way as may cover any accused Google products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patents-in-Suit.

## Fifth Affirmative Defense

CyWee's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

## Sixth Affirmative Defense

CyWee's claims are barred in whole or in part under the equitable doctrines of estoppel, waiver, and/or unclean hands.

### Seventh Affirmative Defense

CyWee's claim for damages against Google for alleged infringement of the Patents-in-Suit is limited by 35 U.S.C. §§ 286 and/or 287.

### Eighth Affirmative Defense

To the extent that any accused product has been used or manufactured by or for the United States Government, claims and demands for relief by CyWee based on the Patents-in-Suit are barred by 28 U.S.C. § 1498.

### Ninth Affirmative Defense

CyWee lacks the standing to assert the claims in the complaint and its claims are thus barred because it because it does not own the Patents-in-Suit and lacks the capacity to sue in this Court.

### Tenth Affirmative Defense

CyWee cannot satisfy the requirements applicable to a request for injunctive relief and has an adequate remedy at law.

### <u>COUNTERCLAIMS FOR DECLARATORY JUDGMENT</u>

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to Google's right to plead additional counterclaims as additional information becomes available, Counterclaim Plaintiff Google LLC ("Google") alleges as follows against Counterclaim Defendant CyWee Group Ltd. ("CyWee"):

### <u>THE PARTIES</u>

1.     Counterclaim-Plaintiff Google is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California, 94043.  Google's mission is to organize the

world's information and make it universally accessible and useful.  As part of that mission, Google produces Android, an open-source mobile platform that has been adopted by certain original equipment manufacturers ("OEMs") worldwide.

2.      According to the allegations in Paragraph 2 of the Complaint, Counterclaim-Defendant CyWee is a corporation existing under the laws of the British Virgin Islands with a principal place of business at 3F, No.28, Lane 128, Jing Ye 1st Road, Taipei, Taiwan 10462

## **BACKGROUND**

3.      According to the allegations set forth in Paragraphs 33 and 117 of the Complaint, CyWee claims to be the owner of all right, title, and interest to U.S. Patent No. 8,441,438 (the "'438 Patent") and U.S. Patent No. 8,552,978 (the "'978 Patent") (collectively, the "Patents-in-Suit").

4.      CyWee has accused Google and its Pixel, Pixel XL, Pixel 2, and Pixel 2 XL (collectively, "Accused Pixel Devices") of infringing the Patents-in-Suit in the Complaint.

5.      CyWee has also alleged infringement of the Patents-in-Suit in a case filed against Samsung Electronics Co., Ltd. et al. in the Eastern District of Texas.  No. 2:17-cv-00140 (E.D. Tex. ("Samsung Action").  In that case, the parties have submitted briefs for claim construction, including supporting expert declarations.  *Id.,* D.I. 66, 67, 71.  The court in that case held a *Markman* hearing on April 17, 2018.

**Non-Infringement**

6.      CyWee has also filed a lawsuit alleging infringement of the Patents-in-Suit by others, including a suit against Huawei Technologies Co., Inc. et al. ("Huawei") in Case No. 2-17-00495, filed on June 9, 2017, in the Eastern District of Texas ("Huawei Action").

7.      In the Huawei Action, CyWee has alleged that multiple Huawei smartphones infringe the Patents-in-Suit.  One of those devices is the Nexus 6P smartphone.  Huawei Action, D.I. 62 (CyWee Group Ltd.'s Third Amended Complaint for Patent Infringement) ¶¶ 26-45, 162-172; *id.,* D.I. 62-1 (Ex. A to CyWee Group Ltd.'s Third Amended Complaint for Patent Infringement); *id.,* D.I. 62-2 (Ex. B. to CyWee Group Ltd.'s Third Amended Complaint for Patent Infringement).

8.      Google has sold the Nexus 6P and Accused Pixel Devices in the Google Store (https://store.google.com/).

9.      In the Huawei Action, CyWee alleges that the Nexus 6P's sensor algorithms infringes the Patents-in-Suit.  Huawei does not develop, maintain, or update the sensor algorithms on the Nexus 6P.  The sensor algorithms on the Nexus 6P are developed by Google.

10.     Based on CyWee's infringement allegations against the sensor algorithms on the Nexus 6P, an actual case and controversy exists between Google and CyWee concerning the alleged infringement of one or more claims of the Patents-in-Suit by functionality implemented on the Nexus 6P, and that controversy is ripe for adjudication by this Court.

11.     Based on CyWee's infringement allegations against the Accused Pixel Devices and Google in this action, an actual case and controversy exists between Google and CyWee concerning the alleged infringement of one or more claims of the Patents-in-Suit by Google, and that controversy is ripe for adjudication by this Court.

**Invalidity**

12.     The alleged inventions claimed in the Patents-in-Suit were well known before the claimed priority dates of the Patents-in-Suit.

28

13. As one example of invalidity, the Patents-in-Suit disclose equations used to calculate and predict orientation that were well known for decades prior to the alleged inventions.

14. In particular, the equations disclosed in the Patents-in-Suit are used as part of the Kalman Filter or variations thereof, including the Extended Kalman Filter ("EKF").

15. The Kalman Filter and EKF are commonly-used algorithms used for data prediction in various technology fields.

16. For example, equation 1 disclosed in both Patents-in-Suit (*see* '978 Patent at 16:40-59; '438 Patent at 12:45-53) was referenced in *Kalman Filtering for Spacecraft Attitude Estimation,* which was published in 1982. Ex. 1 (E.J. Lefferts, *Kalman Filtering for Spacecraft Attitude Estimation*, 5 J. of Guidance, Control, and Dynamics, No. 5, 417-429 (1982)) at 421, equations 40, 41, and 42.

17. As another example, equations 2, 3, and 4 disclosed in the Patents-in-Suit (*see* '978 Patent at 17:15-21, '438 Patent at 13:18-23) were referenced as early as August 2000 in a dissertation titled *Inertial Navigation System Algorithms for Low Cost IMU* by Xiaoying Kong ("Kong Dissertation"). Ex. 2 (Xiaoying Kong, *Inertial Navigation System Algorithms for Low Cost IMU,* (Ph.D. thesis, University of Sydney) (Aug. 27, 2000)) at 32, equation 2.82.

18. As another example, equations 5, 6, and 7 of the Patents-in-Suit (*see* '978 Patent at 17:52-65, '438 Patent at 13:50-65) were referenced as early as August 2000 in the Kong Dissertation. *Id.* at 99, equation 4.43; *id*. at 103, equations 4.60 and 4.61.

19. As another example, equations 12, 13, and 14 of the Patents-in-Suit (*see* '978 Patent at 19:31-40; '438 Patent at 14:61-15:5) were disclosed as early as 2006 in *Representing Attitude: Euler Angles, Unit Quaternions, and Rotation Vectors* by James Diebel. Ex. 3 (James

Diebel, *Representing Attitude: Euler Angles, Unit Quaternions, and Rotation Vectors*, Matrix 58 (2006)) at 12, equations 72 and 73.

20.     As additional examples, the remaining equations in the Patents-in-Suit are found in literature regarding the EKF, some of which dates back to the early 1960s.

21.     CyWee's expert for claim construction in the Samsung Action is Dr. Joseph J. LaViola.  Dr. LaViola provided an expert declaration in the Samsung Action in support of CyWee's claim constructions.  Samsung Action., D.I. 71-1 ("LaViola Decl.").  Dr. LaViola stated that he has "been working with dynamic estimators, including EKFs, for over 15 years." LaViola Decl. ¶ 3.

22.     CyWee concedes that "the equations (5-11) in the '438 and '978 patents do indeed describe an EKF that provides a basis for the enhanced comparison method."  *Id.* ¶ 13; *see also* ¶ 25.

23.     CyWee concedes that the equations disclosed in the specifications of the Patents-in-Suit "disclose calculations that are equivalent to those used in an EKF or Extended Kalman Filter."  Ex. 4 (Samsung Action, April 17, 2018, *Markman* Hearing transcript) at 44:21-25.

24.     Based on CyWee's allegations in this action, an actual controversy exists between Google and CyWee as to whether the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, and/or 116, as described in part in Google's Rule (12)(b)(6) Motion to Dismiss Under 35 U.S.C. § 101.

**JURISDICTION AND VENUE**

25.     This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331

and 1338(a).  These counterclaims arise under the Patent Laws of the United States.

26.     This Court has personal jurisdiction over CyWee, at least because by initiating the

instant lawsuit, CyWee has submitted to the jurisdiction of this judicial district.

27.     Venue for these counterclaims is proper in this judicial district under 28 U.S.C. §§

1367 and 1391(b) and (c).

**COUNTERCLAIM I**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '438 PATENT BY
NEXUS 6P)**

28.     Google restates and re-alleges the allegations contained in the foregoing

paragraphs of these Counterclaims as if fully set forth herein.

29.     In its complaint in the Huawei Action, CyWee alleges that the Nexus 6P infringes

the '438 Patent.

30.     The Nexus 6P uses Google's sensor algorithms.

31.     CyWee has alleged that the Nexus 6P infringes the '438 Patent based primarily on

Google's sensor algorithms running on the Nexus 6P.

32.     As described above and incorporated here, a substantial, immediate, and real

controversy therefore exists between Google and CyWee regarding whether the Nexus 6P

infringes or has infringed the '438 Patent.  A judicial declaration is necessary to determine the

parties' respective rights regarding the '438 Patent.

33.     The Nexus 6P is not infringing and has not infringed, either directly or indirectly,

any valid claim of the '438 Patent.  The Nexus 6P does not practice or meet any of the

31

limitations of any valid claim of the '438 Patent. As one example only, the Nexus 6P does not practice at least the "3D pointing device" limitation of the claims of the '438 Patent based on CyWee's infringement allegations for this limitation.

34.     To resolve the legal and factual questions raised by CyWee related to the Nexus 6P in the Huawei Action and to afford relief from the uncertainty and controversy that CyWee's accusations have caused, Google is entitled to declaratory judgment that the Nexus 6P is not infringing and has not infringed, directly or indirectly, any valid claim of the '438 Patent.

## COUNTERCLAIM II
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '978 PATENT BY NEXUS 6P)

35.     Google restates and re-alleges the allegations contained in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

36.     In its complaint in the Huawei Action, CyWee alleges that the Nexus 6P infringes the '978 Patent.

37.     The Nexus 6P uses Google's sensor algorithms.

38.     CyWee has alleged that the Nexus 6P infringes the '978 Patent based primarily on Google's sensor algorithms running on the Nexus 6P.

39.     As detailed above and incorporated here, a substantial, immediate, and real controversy therefore exists between Google and CyWee regarding whether the Nexus 6P infringes or has infringed the '978 Patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '978 Patent.

40.     The Nexus 6P is not infringing and has not infringed, either directly or indirectly, any valid claim of the '978 Patent. The Nexus 6P does not practice or meet any of the limitations of any valid claim of the '978 Patent. As one example only, the Nexus 6P does not

32

practice at least the "3D pointing device" limitation of the claims of the '978 Patent based on CyWee's infringement allegations for this limitation.

41.     To resolve the legal and factual questions raised by CyWee, and to afford relief from the uncertainty and controversy that CyWee's accusations have caused, Google is entitled to declaratory judgment that the Nexus 6P is not infringing and has not infringed, directly or indirectly, any valid claim of the '978 Patent.

## COUNTERCLAIM III
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '438 PATENT BY GOOGLE)

42.     Google restates and re-alleges the allegations contained in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

43.     In its Complaint, CyWee alleges that Google infringes the '438 Patent.

44.     As detailed above and incorporated here, a substantial, immediate, and real controversy therefore exists between Google and CyWee regarding whether Google and its Accused Pixel Devices infringe or have infringed the '438 Patent.  A judicial declaration is necessary to determine the parties' respective rights regarding the '438 Patent.

45.     Google is not infringing and has not infringed, either directly or indirectly, any valid claim of the '438 Patent.  Google and the Accused Pixel Devices do not practice or meet any of the limitations of any valid claim of the '438 Patent.  As one example only, Google and the Accused Pixel Devices do not practice at least the "3D pointing device" limitation of the claims of the '438 Patent based on CyWee's infringement allegations for this limitation.

46.     To resolve the legal and factual questions raised by CyWee, and to afford relief from the uncertainty and controversy that CyWee's accusations have caused, Google is entitled

33

to declaratory judgment that it is not infringing and has not infringed, directly or indirectly, any valid claim of the '438 Patent.

## COUNTERCLAIM IV
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '978 PATENT BY GOOGLE)

47.     Google restates and re-alleges the allegations contained in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

48.     In its Complaint, CyWee alleges that Google infringes the '978 Patent.

49.     As detailed above and incorporated here, a substantial, immediate, and real controversy therefore exists between Google and CyWee regarding whether Google and its Accused Pixel Devices infringe or have infringed the '978 Patent.  A judicial declaration is necessary to determine the parties' respective rights regarding the '978 Patent.

50.     Google is not infringing and has not infringed, either directly or indirectly, any valid claim of the '978 Patent.  Google and the Accused Pixel Devices do not practice or meet any of the limitations of any valid claim of the '978 Patent.  As one example only, Google and the Accused Pixel Devices do not practice at least the "3D pointing device" limitation of the claims of the '978 Patent based on CyWee's infringement allegations for this limitation.

51.     To resolve the legal and factual questions raised by CyWee, and to afford relief from the uncertainty and controversy that CyWee's accusations have caused, Google is entitled to declaratory judgment that it is not infringing and has not infringed, directly or indirectly, any valid claim of the '978 Patent.

## COUNTERCLAIM V
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '438 PATENT)

52.     Google restates and re-alleges the allegations contained in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

34

53.     In its Complaint, CyWee alleges that Google infringes the '438 Patent.

54.     The claims of the '438 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, and/or 116, as described in part in Google's Rule 12(b)(6) Motion to Dismiss Under 35 U.S.C. § 101.

55.     To resolve the legal and factual questions raised by CyWee, and to afford relief from the uncertainty and controversy that CyWee's accusations have caused, Google is entitled to declaratory judgment that the '438 Patent is invalid.

## COUNTERCLAIM V
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '978 PATENT)

56.     Google restates and re-alleges the allegations contained in the foregoing paragraphs of these Counterclaims as if fully set forth herein.

57.     In its Complaint, CyWee alleges that Google infringes the '978 Patent.

58.      The claims of the '978 Patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 101, 102, 103, 111, 112, and/or 116, as described in part in Google's Rule (12)(b)(6) Motion to Dismiss Under 35 U.S.C. § 101.

59.     To resolve the legal and factual questions raised by CyWee, and to afford relief from the uncertainty and controversy that CyWee's accusations have caused, Google is entitled to declaratory judgment the '978 Patent is invalid.

## GOOGLE'S PRAYER FOR RELIEF

WHEREFORE, Defendant and Counter-Plaintiff Google respectfully requests that the Court:

A.    Dismiss with prejudice the Complaint, that CyWee take nothing by reason of the Complaint, and that judgment be rendered in favor of Google on each of Google's declaratory judgment claims;

B.    Render judgment that the '438 Patent is invalid and not infringed, either directly or indirectly, by Google;

C.    Render judgment that the '978 Patent is invalid and not infringed, either directly or indirectly, by Google;

D.    Render judgment declaring that the Nexus 6P has not infringed, and is not now infringing, either directly or indirectly, the '438 Patent;

E.    Render judgment declaring that the Nexus 6P has not infringed, and is not now infringing, either directly or indirectly, the '978 Patent;

F.    Find that this is an exceptional case and award Google attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285; and

G.    Grant Google such other and further relief as the Court deems just and appropriate.

## GOOGLE'S DEMAND FOR JURY TRIAL

Google hereby demands a jury trial on all issues so triable.

36

/s/ Kelly E. Farnan

OF COUNSEL:

Darin W. Snyder
Luann L. Simmons
David S. Almeling
Mishima Alam
Bill Trac
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
(415) 984-8700

Dated: June 11, 2018

Frederick L. Cottrell, III (#2555)
Kelly E. Farnan (#4395)
Sara M. Metzler (#6905)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendant Google LLC*

37