**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CYWEE GROUP LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-571-GMS |
| ) | |
| GOOGLE LLC, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

**SCHEDULING ORDER**

This _____ day of _____ 20\_\_\_, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures**.  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) **no later than 30 days after the Rule 16 Conference**.

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other Parties and amend the pleadings shall be filed on or before **December 3, 2018**, except for any motion to amend the pleadings to add inequitable conduct, which shall be filed on or before **July 19, 2019.**

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement **no later than 30 days after this court issues its *Markman* order.** If defendant elects to rely on advice of counsel as a

defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than **30 days after this court issues its *Markman* order**

   4.  ***Markman* Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on September \_\_\_\_, 2019 at \_\_.m. The *Markman* hearing is scheduled for a total of \_\_\_\_\_ hours with each side having _____ hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before **July 12, 2019**, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on **August 2, 2019**, and answering claim construction briefs on **August 30, 2019**. Briefing will be presented pursuant to the court's Local Rules.

   5.  **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before **November 16, 2019**. The parties will substantially complete their document production by **July 26, 2019**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **January 27, 2020**. Rebuttal expert reports shall be served on or before **March 13, 2020**. Expert Discovery in this case shall be initiated so that it will be completed on or before **April 10, 2020**.

   a.  **Discovery Limits.** Except for the below, the default limits on discovery set forth in the Federal Rules of Civil Procedure shall apply, absent leave.

1. <u>Privilege Logs</u>.  The Parties shall exchange privilege logs by November 2, 2019.  The Parties shall not be required to log any documents generated on or after the filing date of the instant action.

2. <u>Requests for Admission</u>.  The Parties are each limited to fifty (50) requests for admission, except that requests for admission to establish the authenticity of a document are unlimited.

3. <u>Depositions</u>.  [Plaintiff's Proposal: The default limits on depositions set forth in Federal Rule of Civil Procedure 30 shall apply, absent leave.  Thus, the parties are entitled to take up to ten (10) depositions, each of which is limited to one day of seven (7) hours.]  [Defendant's Proposal: The Parties shall each be permitted to take seventy (70) hours of depositions of non-expert witnesses, including Rule 30(b)(6) witnesses, the inventors of the patents-in-suit, and third-party fact witnesses, with a limit of 7 hours of deposition per day.  Of those seventy (70) hours, each Party is limited to twenty-eight (28) hours of deposition of the other Party, including the Party's employees.  Each non-expert witness deposition shall count for a minimum of three and a half (3.5) hours of the seventy (70) total hours allotted for non-expert deposition testimony for each Party.  For depositions of technical expert witnesses, each Party may take no more than seven (7) hours of deposition per technical expert report.  For depositions of damages experts, each Party may take no more than seven (7) hours of deposition per damages report.  In any case involving the Patents-in-Suit in which Google is a third-party subpoena recipient, any depositions of Google in response to a subpoena served by CyWee

in any such case shall count against the twenty-eight (28) hour limit on depositions of Google in this case.]

4. <u>Email Discovery</u>. A party shall have no obligation to collect, search, or produce emails outside of the provisions of this section. To obtain emails, parties must serve specific email production requests supported by good cause, including an explanation of the relevance of the requested email to a disputed issue in the case and the need for such email in view of discovery already produced. Email production requests directed to attorneys are presumptively improper absent good cause. Email production requests shall not be served before the court issues its claim construction order following completion of the parties' claim construction briefing and the scheduled *Markman* hearing. E-mail production requests shall identify the custodian, search strings, and time frame. To the extent email production is appropriate, the parties shall cooperate to identify the proper custodians, proper search strings, and proper time frame, and each requesting party shall limit its email production requests to no more than five custodians per producing party, and no more than five search strings per custodian, for all such requests. The parties may jointly agree to modify this limit without the court's leave. The parties agree to engage in good faith efforts to narrow any disputes relating to email production. The search strings shall be narrowly tailored to particular issues. Search strings containing indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and

"system") narrows the search and shall count as a single search string. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search string unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production.

    b.    **Protective Order**: The Parties shall file a stipulated Protective Order on or before **September 7, 2018**.

    c.    **Plaintiff's Identification of Accused Products**: CyWee shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for the asserted patent, per ¶ 4(a) of Court's Default Standard for Discovery **no later than 60 days after the Rule 16 Conference.**

    d.    **Defendant's Core Technical Documents**: Google shall produce the core technical documents related to the accused products, including but not limited to operation manuals, product literature, schematics, and specifications, per ¶ 4(b) of Court's Default Standard for Discovery **no later than 60 days after receipt of Plaintiffs' Identification of Accused Products and Asserted Patents/Production of Prosecution Histories.**

    e.    **Initial Infringement Contentions**: CyWee shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes per ¶ 4(c) of Court's Default Standard for Discovery **no later than 60 days after receipt of Defendants' Production of Core Technical Documents.**

    f.    **Initial Invalidity Contentions**: Google shall produce its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g.,

publications, manuals, and patents) per ¶ 4(d) of Court's Default Standard for Discovery no later than **60 days after receipt of Plaintiff's Initial Infringement Claim Charts.**

       g.    **Final Infringement Contentions**: By or on 30 days after the Court issues its *Markman* order, CyWee shall produce to Google final infringement contentions.

       h.    **Final Invalidity Contentions:** By or on 60 days after the Court issues its *Markman* order, Google shall produce to CyWee final invalidity contentions

       i.    **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    6.    **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement

on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(i).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **May 1, 2020**. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **May 15, 2020**. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **June 5, 2020**. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8**.

9. **Case Dispositive Motions**: To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with

the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion**. Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

12. **Pretrial Conference**. On **October _____, 2020**, beginning at _____ __.m., the Court will hold a Pretrial Conference, in Chambers for Jury trials and via telephone for Bench trials, with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. **Motions *in limine***[1]: **NO MOTIONS *IN LIMINE* SHALL BE FILED**; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court

---

[1] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."

- 9 -

the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before _____.

14.  **Trial**.  This matter is scheduled for a **[Plaintiff's Proposal: 5-10 days; Defendant's Proposal: 5 days]** (jury or bench) **jury** trial beginning at 9:30 a.m. on **November _____, 2020**.

15.  **Scheduling**:  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE